JAMES M. MITCHELL, RESPONDENT, *v.* CASSIUS H. READ, APPELLANT.

*Partnership — secret renewal of lease by one partner — when it enures to the benefit of the firm — Good will — pertains to the lease — measure of damages therefor when one partner has had all the benefit of the lease — how determined.*

Prior to April, 1869, the plaintiff and defendant were keeping the Hoffman House in New York, as co-partners, under an agreement, by which the partnership terminated May 1, 1871, at which time the lease of the premises also expired. During the continuance of the lease the defendant, without the knowledge or consent of the plaintiff, procured in his own name a new lease of the hotel, to commence upon the expiration of the existing lease to the firm, and claimed to be solely entitled to the benefits arising from such new lease. In March, 1870, plaintiff brought this action to have the lease declared partnership property, and to have the same assigned to the firm, and for other relief. Upon the trial

judgment was given for the defendant, on the ground that the plaintiff had no interest in the lease. This judgment was affirmed at the General Term, but reversed by the Court of Appeals.

After the decision upon the first trial, and before an appeal had been taken, the plaintiff, on March 13, 1871, brought an action to have the firm dissolved, and all the assets thereof, including furniture, good will, etc., sold. A receiver was appointed, who sold all the furniture, stores, etc., to the defendant, the sale being confirmed by a judgment entered in the action on October 26, 1871, which judgment declared that the partnership had been dissolved, and all the property converted into cash, " except certain leases claimed to be co-partnership property of the plaintiff and defendant, which are the subjects of a former action between them, now on appeal," and further declared that " no judgment or decree respecting them is made in this action."

On appeal from a judgment adjudging the new lease to be partnership property, recovered by the plaintiff on the second trial of this action, *held,* that the judgment rendered in the second action was not a bar thereto.

That the good will was not transferred by the sale of the furniture and personal property, but that the same pertained to, and could not be sold separately from the lease.

That the term of the renewal lease having expired, and the defendant having received the sole benefit therefrom, the plaintiff could recover of the defendant the damages he had sustained in the premises.

That in ascertaining the damages, it was proper to ascertain the profits of the hotel in the past, the rents required by the renewal lease, and to take the opinion of experts and men experienced in the hotel business in New York, as to what the new lease, with good will and furniture were worth, over and above the rent reserved, after deducting the price received for the furniture.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*G. W. Cotterill* and *William O. Bartlett,* for the appellant.

*A. J. Vanderpoel* and *J. E. Burrill,* for the respondent.

POTTER, J. :

This is an appeal from a judgment in favor of plaintiff, upon a trial before the court without a jury.

The complaint shows that the plaintiff and defendant were partners in the business of keeping a hotel, in the city of New York, and known as the Hoffman House.

That they held the hotel and premises under a lease, which would expire on the 1st day of May, 1871, and that the co-partnership between the parties, by the terms of their agreement, would expire at the same time.

That during the continuance of the lease, and of the co-partnership, the defendant, without the knowledge or consent of the plaintiff, procured, in his own name, a lease of the hotel and premises for another term, to commence at the expiration of the lease to the partnership, and claimed the sole and exclusive right and benefits under the new lease.

The plaintiff asked the judgment of this court, declaring that the lease to the defendant, and the advantages and good will for the new term, belonged to the co-partnership, and not to defendant alone, and directing the defendant to assign and transfer said lease to the co-partnership.

Upon the first trial of the action the court held, that the plaintiff had no right or interest under the new lease, and judgment was rendered accordingly for the defendant.

Upon an appeal from this judgment to the Commission of Appeals, the same was reversed and a new trial directed; the court holding that the new lease, and the good will incident thereto, belonged to the co-partnership. This case is reported in 61 N. Y., 128.

Upon the second trial the evidence of the plaintiff's right was substantially the same as upon the first, and the plaintiff had a recovery.

Of course, the law of this case, upon the second trial and upon the present appeal, is as pronounced by the court of last resort, and, therefore, the only question for consideration is, whether there were any new or additional facts upon the second trial which should render the law, so declared, inapplicable to the case made upon the second trial.

It was proved, upon the second trial, that on the 13th of March, 1871 (just after the decision upon the first trial, and before any appeal had been taken therefrom), that the plaintiff in this action commenced another action against the defendant herein, alleging that owing to the disagreements between the parties, in relation to the manner in which the new lease to the defendant had been taken, and his exclusive claim thereunder, and other matters, the partnership between the parties should be dissolved, and that the assets thereof, consisting of the leases, furniture, fixtures and personal property upon the leased premises, debts and credits,

and good will belonging to the co-partnership, should be sold, etc.

That a receiver was appointed in said second action, who was directed, by the court, to sell the furniture, wines and stores to the parties, or either of them, or to any other person, and that accordingly the receiver did sell the furniture, leases and stores to the defendant, and that the receiver executed a bill of sale to the defendant of the fixtures, furniture and other household articles belonging to said firm, and then being in said hotel, and, also, the books of account and debts due the firm, and that the plaintiff, also, executed a bill of sale, or instrument, for the purpose of assuring and confirming said sale by the receiver ; that this sale was confirmed by the court in the decree, or judgment, in said second action, on the 26th day of October, 1871, in which judgment, entered upon the application of the defendant, it is declared, that said co-partnership has been dissolved by affluxion of time, and that all the property and effects of said partnership have been, by the receiver, converted into cash, " except certain leases, claimed to be co-partnership property of the plaintiff and defendant, which are the subject of a former action between them, now on appeal before the General Term," etc..  And that in said decree it was, also, adjudged, " that it appearing that the so-called renewal leases, embraced in the complaint herein, have been subjects of adjudication in said suit, now on appeal, no judgment or decree respecting them is made in this action."

The defendant contends that the sale of the furniture and personal property of the firm, by the receiver, and the judgment in the second action, is a bar to the claim of the plaintiff in this action to recover his share of the value of the renewal leases and the good will incident to the premises leased.

We have seen, by the express terms of the judgment in the second action, that no judgment or decree was made respecting the renewal leases, nor was there any sale of them made by the receiver, and the judgment recites, " that the receiver has converted all the property and effects into cash, except certain leases claimed to be co-partnership property of the plaintiff and defendant, which are the subject of a previous action," etc.

It is plain that these renewal leases, which the court of last resort held the plaintiff has an interest in, have not been sold or

disposed of by the receiver, and that the defendant has enjoyed them exclusively for his own benefit and profit. Whatever there was of good will appertained to the leases and formed an element of their value. (61 N. Y., 128.) Good will, however it may be defined generally, does not exist separate and independent of a substantive or principal subject.

It always appertains to something else, and is as various as the subjects are to which it appertains. It is the greater probability that patronage will be bestowed upon a subject of purchase, or at a place of business, in respect to which a habit has been formed.

In respect to a newspaper, the greater probability that its readers and subscribers will follow their habit, and continue to buy and read the newspaper under the old name, but with a new editor, rather than read or subscribe for a newspaper bearing a different name. (*Boon* v. *Moss*, 70 N. Y., 465.)

In the case under consideration, the greater probability that travelers and transient persons will continue to stop at a hotel to which they have become wonted, and with the ways to and from which and with its accommodations and surroundings they are already familiar.

Good will, then, as used in this case, means the greater probability of patronage of this hotel, and forms an element of value in the hotel and premises covered by these leases.

Good will, pertaining to the leases of the hotel simply, could not exist, nor be sold, separately from the leases.

*Boon* v. *Moss* (70 N. Y., 465) is an authority, both upon the nature of good will and that the sale of the furniture and personal property, by the receiver, did not transfer the good will.

The term of the renewal leases of the hotel having expired, and the defendant having solely received the advantage of said term, no sale thereof, for the joint benefit of the parties, could be made.

The only mode of compensating the plaintiff for this deprivation of his right by the defendant, was a recovery of the damages sustained by the plaintiff.

The allegations and prayer of the complaint were broad enough to admit of such recovery under the circumstances of the case.

No question is raised by defendant in that regard.

The only remaining question, therefore, to be considered is, as to the mode of ascertaining the damages which the plaintiff had sustained.

The plaintiff was entitled to the value of the renewal leases of the hotel, with its furniture, on the expiration of the old lease, for the purpose of keeping a hotel at that place for the term of the new leases.

A sale of the leases, etc., for the purpose of ascertaining their value, and converting the same into money, was impracticable. The mode adopted in this case was, to ascertain the profits of the hotel in the past — the rents required to be paid under the renewal leases, and to take the opinion of experts, and men experienced in the hotel business in New York city, as to what the new leases, with good will and furniture, were worth over and above the rent reserved in the leases, or would have sold for at public auction.

That was, substantially, the form of the question put to the witness upon the subject of value.

We perceive no error in it. It is true the question, in terms, embraced good will and furniture; but we have seen that good will pertains alone to the leases, and is necessarily an element in their value. It is true the furniture had been sold separately from the leases, probably at a less price in consequence, and the plaintiff had had his share of such price as it brought. That price was proved, and could easily be, and was, in fact, set off against a corresponding amount of damage.

It will be seen, by reference to the answers of the witnesses, that their estimates generally were based upon the value of the leases, and the prices they would have brought at a public sale. Moreover, the case was tried by the court without a jury, and it can be seen, from the findings and the opinion, just what elements and considerations entered into the damages awarded, and we do not perceive any legal rule violated in the mode of ascertaining, nor any injustice to the defendant, in the amount of the damages.

Judgment should be affirmed, with costs.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.